UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ALTON PIERCE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-9087** |
| **CARMAX AUTO SUPERSTORES, INC.** | **SECTION "S" (4)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that the defendant's motion for summary judgment is **GRANTED**. (Rec. Doc. 7).

## BACKGROUND

In June 2002, CarMax Auto Superstores, Inc. filed suit against Alton Pierce in Civil District Court for the Parish of Orleans, alleging that Pierce defaulted on a retail installment contract for a 2000 Jeep Cherokee. Although Pierce was served with the petition, he did not file responsive pleadings, and CarMax obtained a default judgment against him on March 28, 2003. Pierce was served with a copy of the judgment on April 4, 2003, but he did not file an appeal or request a new trial. Shortly thereafter, CarMax began execution of the judgment through garnishment of Pierce's wages.

On February 6, 2006, Pierce filed a petition for preliminary injunction and damages against CarMax in the same state-court case. Pierce alleged, in part, that the judgment was obtained through fraud and ill practice because no balance was due on the Jeep at the time the judgment was obtained.

CarMax filed a motion to dissolve the temporary restraining order and opposed the preliminary and permanent injunction, and on March 13, 2006, the state-court judge granted CarMax's motion.

On October 26, 2006, Pierce filed a similar petition against CarMax as a new lawsuit. Pierce did not request injunctive relief, but alleged that the default judgment was obtained by CarMax through fraud and ill practice and that he owes nothing. CarMax removed the case to this Court and filed a motion for summary judgment. Pierce has not opposed the motion.

## DISCUSSION

**A.     Standard of Review**

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." *Amburgey v. Corhart Refractories Corp.*, 936 F.2d 805, 809 (5th Cir.1991); Fed.R.Civ.P. 56(c). If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

**B.     Analysis**

CarMax asserts that the judgment is perempted by Louisiana Code of Civil Procedure Article 2004, which provides:

> A.     A final judgment obtained by fraud or ill practices may be annulled.
>
> B.     An action to annul a judgment on these grounds must be brought within one year of the discovery by the plaintiff in the nullity action of the fraud or ill practices.
>
> C.     The court may award reasonable attorney fees incurred by the

>prevailing party in an action to annul a judgment on these grounds.

An action for nullity is not a substitute for an appeal from a default judgment. *State, Dept. of Soc. Services v. Robinson*, 31025 (La. App. 2d Cir.9/23/98) (citing *Smith v. Cajun Insulation, Inc.*, 392 So.2d 398 (La.1980)). It is also not the solution to legal rights lost through a party's negligence or failure to act. *Id.* (citing *Design Associates, Inc. v. Charpentier*, 537 So.2d 1233 (La. App. 4th Cir.1989), *writ denied*, 540 So.2d 340 (La.1989); *Berwick Bay Oil Co. v. Sunrise Shipping*, 525 So.2d 239 (La. App. 1st Cir.1988)).

"The one year limitation of Article 2004 is considered a period of peremption rather than prescription." *Azar-O'Bannon v. Azar*, 00-0101 (La. App. 4th Cir. 9/27/00), 770 So. 2d 458, 461 (citing *Russland Enterprises, Inc. v. City of Gretna*, 98-676 (La. App. 5th Cir. 1/26/99), 727 So.2d 1223, *writ denied*, 99-0980 (La.5/28/99), 743 So.2d 669; *Civello v. Johnson*, 567 So.2d 643 (La.App. 4th Cir.), *writ denied*, 569 So.2d 987 (La.1990). "Statutes of peremption do not merely bar the remedy, they destroy the cause of action itself." *Id.* Thus, once the time limit is over, the cause of action no longer exists. *Id.* (citing *Russland,* 727 So.2d at 1226; *Estate of Williams v. Louisiana Office of Risk Management*, 93-795 (La. App. 3d Cir. 3/2/94), 634 So.2d 1260, 1263, *writ denied*, 94-0793 (La.5/6/94), 637 So.2d 1054.

Pierce's petition unambiguously asserts that the state-court judgment was obtained through fraud and ill practice. Under Article 2004, Pierce was required to file his petition within one year of discovery of the alleged fraud or ill practice. Copies of the state-court pleadings, the state-court judgment, and the verified Sheriff's return all demonstrate that Pierce was personally served with the judgment on April 4, 2003. Pierce has provided no facts indicating that he did not discover or could not have discovered the alleged "fraud or ill practice" of CarMax during the state-court

3

proceedings or, at the latest, at the time that he received the state-court judgment. Because Pierce's petition was filed over one-year from the discovery of the alleged "fraud or ill practice," his claims are perempted under Article 2004.[1]

## CONCLUSION

For the above-stated reasons, defendant's motion for summary judgment is **GRANTED**.

New Orleans, Louisiana, this __18th__ day of April, 2007.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**

---

[1] Because this Court finds that Pierce's claims are perempted under Article 2004, it is unnecessary to address CarMax's argument that Pierce's claims are barred by the res judicata effect of the state-court judgment dismissing the claims.